CLERK, U.S. DISTRICT COURT

JAN 1 5 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

1   COOLEY GODWARD KRONISH LLP
    PETER J. WILLSEY (*Pro Hac Vice*)
2   NISHAN KOTTAHACHCHI (California Bar No. 221612)
    BRENDAN J. HUGHES (*Pro Hac Vice*)
3   777 6th Street, NW
    Washington, D.C. 20001
4   Telephone: (202) 842-7800; Facsimile: (202) 842-7899
    E-mail: pwillsey@cooley.com; nkottahachchi@cooley.com;
5   bhughes@cooley.com

6   COOLEY GODWARD KRONISH LLP
    BENJAMIN CHAPMAN (California Bar No. 234436)
7   4401 Eastgate Mall
    San Diego, CA 92121
8   Telephone: (858) 550-6000; Facsimile: (858) 550-6420
    E-mail: bchapman@cooley.com
9
    VALLE & ASSOCIATES
10  Jeffrey B. Valle (California Bar No. 110060)
    Thomas P. Friedman (California Bar No. 205407)
11  11911 San Vicente Blvd., Suite 324
    Los Angeles, CA 90049
12  Telephone: (310) 476-0300; Facsimile: (310) 476-0333
    E-mail: jvalle@valleassociates.com; tfriedman@valleassociates.com
13
14  Attorneys for ROSETTA STONE LTD.

15              UNITED STATES DISTRICT COURT

16              CENTRAL DISTRICT OF CALIFORNIA

17                  WESTERN DIVISION

18  ROSETTA STONE LTD., a Virginia        CASE NO. CV 08-4402-JFW (JTLx)
    corporation,
19                                        STIPULATED PROTECTIVE
                Plaintiff,                ORDER
20
            v.
21
    ROCKET LANGUAGES LTD., a New
22  Zealand registered company; LIBROS    HONORABLE JOHN F. WALTER
    MEDIA LTD., a New Zealand
23  registered company; MATTHEW
    WEIDNER, an individual residing in
24  South Carolina; and ISHMAEL           DISCOVERY MATTER
    LOPEZ, an individual residing in
25  Illinois,

26              Defendants.

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
WASHINGTON

85702 v1/DC                   1.              STIPULATED PROTECTIVE ORDER

1    WHEREAS Plaintiff Rosetta Stone Ltd. ("Rosetta Stone") and Defendants

2  Rocket Languages Ltd. and Libros Media Ltd. (collectively, "RL") are parties to the

3  above-referenced Case No. CV 08-4402-JFW (JTLx) ("the Action");

4    WHEREAS discovery in the Action may involve the disclosure of certain

5  documents, things and information in the possession, custody or control of Rosetta

6  Stone, RL, or non-parties, which constitute or contain trade secrets or other

7  confidential research, development, or commercial information;

8    WHEREAS such confidential information must be protected in order to

9  preserve the legitimate business interests of the parties or non-parties;

10    WHEREAS the parties have, through counsel, stipulated to the entry of this

11  Protective Order for the purpose of advancing the progress of the Action and to

12  prevent unnecessary dissemination or disclosure of such confidential information;

13  and

14    WHEREAS the parties have established good cause for entry of this

15  Protective Order;

16    THEREFORE, for good cause shown, pursuant to Rule 26(c) of the Federal

17  Rules of Civil Procedure, all discovery and other materials exchanged by the parties

18  or non-parties, or filed with the Court, in the Action shall be provided subject to the

19  following conditions:

20    1.    This Protective Order shall apply to all documents and portions

21  thereof, things, or any other form of evidence or information subject to discovery or

22  that can be protected under Fed. R. Civ. P. 26(c) in the Action that are owned,

23  possessed, or controlled by a party or a non-party, provided that such non-parties

24  receive and agree to be bound by the terms of this Order ("Producing Party"), and

25  that contain the Producing Party's trade secrets or other confidential research,

26  development, or commercial information, and all information derived therefrom,

27  including, without limitation, documents, things, deposition testimony,

28  interrogatory answers, answers to requests for admissions, and other discovery

1    materials that are provided to or received by another party or non-party in the

2    Action ("Receiving Party"), whether produced informally or in response to formal

3    methods of discovery ("Protected Material").

4         2.    It shall be the duty of the Producing Party to give notice of the

5    Protected Material designated to be covered by this Protective Order in the manner

6    set forth in Paragraph 6 below.  The duty of the Receiving Party or Parties and of

7    all other persons bound by this Protective Order to maintain the confidentiality of

8    Protected Material so designated shall commence with such notice.  Protected

9    Material shall be designated by the Producing Party, subject to the provisions of

10   this Order, with one of the following designations:

11        a.    "CONFIDENTIAL";

12        b.    "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"; or

13        c.    "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY".

14        3.    A   Producing   Party   may   designate   Protected   Material   as

15   "CONFIDENTIAL" if such material constitutes or discloses or relates to processes,

16   operations,  research,  technical  or  developmental  information,  production,

17   marketing, sales, financial, or other proprietary data or information of commercial

18   value.

19        4.    A Producing Party may designate Protected Material as "HIGHLY

20   CONFIDENTIAL - ATTORNEYS' EYES ONLY" if such material constitutes or

21   contains, in whole or in part, information which the Producing Party reasonably

22   believes will harm its competitive position if the information becomes known to a

23   party other than the Producing Party.

24        5.    A Producing Party may designate the following material as "HIGHLY

25   CONFIDENTIAL - OUTSIDE COUNSEL ONLY":  (a) materials which relate to

26   future product or service offerings; (b) materials relating to the Producing Party's

27   current product or service offerings that the Producing Party reasonably believes

28   could provide a significant competitive advantage to the Receiving Party; or (c)

1  materials constituting sensitive financial information, including sales and net profit
2  information and the identification of customers or potential customers, the
3  disclosure of which the Producing Party reasonably believes will harm its
4  competitive position if it becomes known to a party other than the Producing Party.

5        6.    Each page of any material the Producing Party wishes to designate as
6  Protected Material must be labeled with the legend "CONFIDENTIAL," "HIGHLY
7  CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY
8  CONFIDENTIAL - OUTSIDE COUNSEL ONLY," as appropriate, at the time the
9  material, or a copy thereof, is provided to the Receiving Party.  In the case of
10  material contained in or on media other than paper, the Producing Party shall affix
11  such a label to the material or use its best efforts to identify the material as
12  Protected Material.

13        7.    The failure by a Producing Party to designate specific documents or
14  materials as Protected Material shall not, by itself, be deemed a waiver in whole or
15  in part of a claim of confidentiality as to such documents or materials.  Upon
16  written notice to the Receiving Party of such failure to designate, or of incorrect
17  designation, the Receiving Party shall cooperate to retrieve disseminated copies,
18  and restore the confidentiality of the inadvertently disclosed information beyond
19  those persons authorized to review such information pursuant to Paragraphs 12-15,
20  and shall thereafter take reasonable steps to ensure that the Protected Material is
21  treated in accordance with the designation.  No person or party shall incur any
22  liability hereunder with respect to disclosure that occurred prior to the receipt of
23  written notice of the mistaken designation.

24        8.    All testimony provided in a deposition and deposition exhibits will be
25  treated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY for fourteen
26  (14) days from the day the Producing Party received the deposition transcript.  At the
27  expiration of the fourteen day period, the transcript and exhibits will no longer be
28  treated as Protected Material unless: (1) at the deposition, counsel for the Producing

Party identifies on the record certain portions of the deposition transcript and/or exhibits that contain Protected Material or (2) counsel for the Producing Party provides written notice to counsel for the Receiving Party identifying the portions of the transcript and/or exhibits that contain Protected Material.  All counsel receiving such notice shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party.  Deposition exhibits previously designated as containing Protected Material do not need to be re-designated to retain their protection under this Protective Order.  Notwithstanding the above, counsel for a party may make a request at any time prior to the expiration of the fourteen day period for permission to treat certain portions of the transcript as not containing Protected Material and that request shall not be unreasonably denied in cases where it is apparent that the designated portions do not contain material that warrants confidential treatment pursuant to the terms of this Agreement.

    a.    At any deposition session, when counsel for a Producing Party deems that the answer to a question will result in the disclosure of Protected Material, counsel shall have the option, in lieu of or in addition to taking other steps available under the Federal Rules of Civil Procedure, to direct that the testimony shall be treated in accordance with a designation under paragraph 2 of this Protective Order.  Counsel for the Producing Party whose Protected Material is involved may also request that all persons other than the witness and individuals who may have access to such Protected Material under the appropriate designation in paragraph 2 of this Order, leave the deposition room during the confidential portion of the deposition.  The failure of such other persons to comply with a request of this type shall constitute substantial justification for counsel for the Producing Party to advise the witness that the witness need not answer the question.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
WASHINGTON

85702 v1/DC

5.

STIPULATED PROTECTIVE ORDER

b.     Deposition transcripts containing Protected Material shall be prominently marked on the front page with a statement that provides "THIS DEPOSITION TRANSCRIPT CONTAINS [insert appropriate designation under paragraph 2 of this Order] THAT IS SUBJECT TO A PROTECTIVE ORDER." Deponents may review their own transcript designated pursuant to paragraph 2 of this Order to ensure that it is accurate and complete, but no deponent (other than individuals who may have access to the same material under this Order) may retain or copy any portion of the transcript of the deposition that contains the designated material without permission of the Producing Party.

9.     Provided that they receive and agree to bound by this Order, any court reporters who transcribe testimony in this action at a deposition shall treat all Protected Material as confidential and will not disclose Protected Materials except as provided under this Order.

10.     Protected Material designated under paragraph 2 of this Order shall include, without limitation: (a) all copies, extracts, and complete or partial summaries prepared from such documents, things, or information so designated; (b) portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such documents, things, or information; (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such documents, things, or information; and (d) deposition testimony designated in accordance with Paragraph 8 above.

11.     Each party and all other persons bound by the terms of this Protective Order shall use any material designated as Protected Material by a Producing Party other than itself only for the purpose of this Action (including any appeal), and not for any other purpose.

1    12.    Only the following persons shall have access to or retain material
2    designated as "CONFIDENTIAL" pursuant to paragraph 2 of this Order:

3    a.    The Court and its official personnel;

4    b.    Outside counsel for a party.  For the purposes of this Protective Order,
5         "Outside Counsel" means attorneys for the law firms retained by the
6         parties for this Action, including paralegals, office clerks, secretaries,
7         and other support staff assisting those attorneys, working on this case;

8    c.    Provided that the procedure described in Paragraph 13 below is
9         followed, outside experts and consultants retained by the Receiving
10        Party's Outside Counsel to assist in this litigation (and the experts' or
11        consultants' staff whose duties and responsibilities require access to
12        such materials), who are not past or present full-time employees of the
13        Receiving Party or of an affiliate of the Receiving Party or any other
14        party;

15   d.    Court reporters and translators;

16   e.    Outside litigation support personnel retained by Outside Counsel to
17        assist in the preparation and/or litigation of the Action, including
18        contract attorneys or outside copying service vendors or electronic
19        document management vendors;

20   f.    Any person who was involved in the preparation of such material or
21        who received or reviewed such material for purposes other than this
22        litigation or who has been alleged to have received or reviewed such
23        material for purposes other than this litigation;

24   g.    The employees, officers, directors, and executives of the parties to this
25        litigation;

26   h.    In-house litigation or enforcement counsel employed by Rosetta Stone,
27        subject to approval by Rocket and/or Libros with said approval not to
28        be unreasonably denied, and in the case of Rocket and Libros, who do

1    not employee in-house counsel, to the attorneys at a New Zealand law

2    firm to be designated by Rocket and Libros, subject to approval by

3    Rosetta Stone with said approval not to be unreasonably denied; and

4    i.    Any other person agreed to by the parties.

5    13.    Before counsel for a Receiving Party may disclose material designated

6    as Protected Material to a designated testifying expert as described in Paragraph

7    12(c) above, that counsel shall give advance notice as follows:  Counsel for the

8    Receiving Party seeking to make the disclosure shall provide written notice (by

9    facsimile followed by a hard copy sent next business day courier) to counsel for the

10   Producing Party and all other parties to this litigation, an executed copy of the

11   Confidentiality Undertaking attached hereto, and a current copy of the curriculum

12   vitae of the person(s) to whom the designated Protected Material is to be disclosed.

13   Counsel for the Receiving Party need not specifically identify the designated

14   Protected Material intended to be disclosed.  The Producing Party shall have five

15   (5) business days after receiving that notification within which to object to the

16   proposed disclosure, as provided below; such disclosure shall not occur before the

17   five-day period for objections has elapsed, and, if any such objection is made,

18   before that objection is resolved, as provided below.  Any such objection shall be

19   made in writing (by facsimile followed by a hard copy sent next business day

20   courier) to the counsel for the party seeking to make the disclosure.  If the parties

21   are unable to resolve the objection after conferring in good faith pursuant to Fed. R.

22   Civ. P. 26(c), the dispute shall be resolved in accordance with Local Rule 37.  A

23   failure to object or file a motion within the requisite time limits shall be deemed a

24   waiver of the objection.  Until the dispute is resolved by order of the Court or

25   agreement in writing between the Receiving Party and the Producing Party, no

26   disclosure shall be made to the objected-to person or persons.  Before counsel for a

27   Receiving Party may disclose material designated as Protected Material to non-

28   testifying experts and consultants, that counsel shall obtain from such non-

1   testifying experts or consultants an executed copy of the Confidentiality
2   Undertaking attached hereto, but does not have to provide a copy of the executed
3   Confidentiality Undertaking to counsel for the Producing Party.

4         14.   Only the following persons shall have access to or retain material
5   designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY":

6         a.   persons listed in paragraph 12(a), (b), (d), (e), (f), (h) and (i) above;

7         b.   provided that the procedure described in Paragraph 13 above is
8         followed, persons listed in paragraph 12(c) above; and

9         c.   persons whom the Producing Party agrees in writing or on the record
10        at a deposition may be shown HIGHLY CONFIDENTIAL -
11        ATTORNEYS' EYES ONLY material.

12        15.   Only the following persons shall have access to or retain material
13  designated as HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY:

14        a.   persons listed in paragraph 12(a), (b), (d), (e), (f) and (i) above;

15        b.   provided that the procedure described in Paragraph 13 above is
16        followed, persons listed in paragraph 12(c) above; and;

17        c.   persons whom the Producing Party agrees in writing or on the record
18        at a deposition may be shown HIGHLY CONFIDENTIAL -
19        OUTSIDE COUNSEL ONLY material.

20        16.   The parties may request that the Court permit filing of any material
21  designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL--ATTORNEYS'
22  EYES ONLY" or "HIGHLY CONFIDENTIAL--OUTSIDE COUNSEL ONLY"
23  pursuant to paragraph 2 above, under seal and that such Protected Material be made
24  available only to the Court and to persons authorized by the terms of this Protective
25  Order. The party filing any paper that contains, summarizes, or reflects any such
26  designated material shall request that the material be filed under seal. Any party
27  requesting that designated materials be filed under seal shall comply with Local
28  Rule 79-5. If the Court permits filing of designated materials under seal, the party

1   filing the designated material with the Court shall indicate on service copies to
2   opposing counsel which portions are filed under seal.

3        17.    This Protective Order shall not preclude any party from: (a) claiming
4   that any designated Protected Material is not entitled to the protection of this
5   Protective Order; (b) applying to the Court for an Order permitting the disclosure or
6   use of documents, things, or information otherwise prohibited by this Protective
7   Order; or (c) applying for an Order modifying this Protective Order in any respect.

8        18.    The restrictions set forth in this Protective Order shall not apply to
9   documents, things, or information that the parties agree, or that the Court rules:

10       a.     have become public knowledge in a manner other than through a
11              violation of this Order; or

12       b.     have been independently obtained by the non-designating party, as
13              evidenced by written documentation.

14       19.    If, in connection with the Action, a Producing Party inadvertently
15   discloses information subject to a claim of attorney-client privilege or attorney-
16   work product protection ("Inadvertently Disclosed Information"), the disclosure of
17   the Inadvertently Disclosed Information will not constitute or be deemed a waiver
18   or forfeiture of any claim of privilege or work product protection that the Producing
19   Party would otherwise be entitled to assert with respect to the Inadvertently
20   Disclosed Information and its subject matter. If a claim of inadvertent disclosure is
21   made by a Producing Party with respect to Inadvertently Disclosed Information, the
22   Receiving Party will, within five (5) business days, return or destroy all copies of
23   the Inadvertently Disclosed Information and certify that all such Inadvertently
24   Disclosed Information has been returned or destroyed.

25       20.    For purposes of the Action or any other action, no party concedes that
26   any Protected Material designated by any other person does in fact contain or
27   reflect trade secrets or proprietary or confidential information. A party shall not be
28   obligated to challenge the propriety of the designation of Protected Material at the

1  time made, and failure to do so shall not preclude a subsequent challenge. If a

2  Receiving Party seeks removal of protection for particular items designated as

3  Protected Material on the ground that such protection is not warranted under

4  controlling law, the following procedure shall be used:

5      a.    The Receiving Party seeking such removal shall give counsel of

6          record for the Producing Party notice thereof, in writing by facsimile

7          followed by a hard copy sent next business day courier, specifying the

8          documents, things, or information for which such removal is sought

9          and the reasons for the request. The Producing Party shall have ten

10          (10) business days after receiving that notification within which to

11          object to the removal of protection afforded by this Order. Any such

12          objection shall be made in writing (by facsimile followed by a hard

13          copy sent next business day courier). Failure to object within the

14          requisite time limit is deemed a waiver of any claim to protection for

15          that specific document, thing, or information under this Protective

16          Order.

17      b.    If the parties, or the party and non-party, cannot reach agreement

18          concerning the matter, the dispute shall be resolved in accordance

19          with Local Rule 37. The designated material shall continue to be

20          treated in accordance with the original designation until the issue is

21          resolved by Order of this Court or by agreement of the parties or the

22          party and non-party.

23      21.    Except for materials covered by this Order that are on file or otherwise

24  in possession of the Court, upon final termination of the Action (including any

25  appeal), unless otherwise agreed to in writing by counsel for the Producing Party,

26  each party shall within sixty (60) days assemble and return to the Producing Party

27  or destroy all material designated as Protected Material (and certify in writing to

28  such destruction), including all copies, extracts, and summaries thereof, except that

1  outside counsel may retain one (1) copy of deposition transcripts and exhibits, trial
2  transcripts and exhibits, pleadings, and other materials that are of record in the
3  litigation, subject to the confidentiality provisions of this Order.  Counsel of record
4  for all parties shall make certification of compliance herewith and shall deliver the
5  same to opposing counsel of record not more than sixty (60) days after the final
6  termination of the Action (including any appeal).

7      22.    No part of the restrictions imposed by this Protective Order may be
8  terminated, except by written stipulation executed by counsel of record for each
9  Producing Party or by an Order of this Court for good cause shown.  The terms of
10  this Protective Order shall survive termination of the Action.

11      23.    This Protective Order governs the confidentiality of designated
12  Protected Material before and after trial.  Counsel for the Producing Party may
13  request that any portion of the transcript or exhibit containing such Protected
14  Material be filed under seal with the Court, and be accorded protection as provided
15  by the terms of this Order.  Counsel for the parties shall exercise all reasonable care
16  not to disclose such materials needlessly in the public record of this proceeding nor
17  to persons not entitled under this Order to receive such Protected Material.

18      24.    Nothing contained in this Order shall restrict or limit any Party's right
19  to present Protected Material to the jury or the Court during a trial or other hearing
20  in the Action.  The use of Protected Material at trial shall be governed by the
21  pretrial order.

22      25.    Notices under this Order shall be provided to the parties' respective
23  counsel at their addresses indicated below, unless this provision is modified by the
24  parties in writing.

25      For Rosetta Stone:        Peter J. Willsey
                                    Cooley Godward & Kronish LLP
26                                  777 6th Street, NW
                                    Washington, DC 20001
27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
WASHINGTON

85702 v1/DC                          12.                    STIPULATED PROTECTIVE ORDER

For RL:                     Dickerson M. Downing
                            Crowell & Moring, LLP
                            153 East 53rd Street, 31st Floor
                            New York, New York 10022

26.     No person subject to this Protective Order may disclose, in public or private, any Protected Material designated by a party or non-party other than itself, except as provided for in this Protective Order or as further ordered by the Court. Nothing herein, however, shall affect the right of the Producing Party to disclose to its officers, directors, employees, consultants, or experts, any documents, things, or information designated by it as Protected Material; such disclosure shall not waive the protection of this Protective Order and shall not entitle other parties or their attorneys to disclose such information, documents, things, or information in violation of this Order.

27.     Third party discovery in this proceeding may involve disclosure of Protected Material, which if designated in conformity with the provisions of this Order, shall be subject to the provisions herein and provide the non-party with all of the rights and obligations set forth herein.

28.     Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering legal advice to the clients in this litigation and, in the course thereof, relying generally on examination of designated Protected Materials; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not disclose the specific contents of Protected Materials to persons not authorized to receive such material pursuant to the Protective Order.

29.     Each party agrees that designation of Protected Material and responses to requests to permit further disclosure of Protected Material shall be made in good faith and not (1) to impose burden or delay on an opposing party, or (2) for tactical or other advantage in litigation. Further, each party agrees to make best efforts to avoid as much as possible inclusion of Protected Material in briefs and other

1  captioned documents filed in court, in order to minimize sealing and designating

2  such documents as Protected Material.

3      30.    The protection afforded by this Order shall in no way affect a party's

4  or non-party's right to withhold documents as (i) privileged under the attorney-

5  client or other privilege, (ii) protected by the work product doctrine,  or (iii)

6  otherwise exempted from discovery under Fed. R. Civ. P. 26.

7      31.    If another court or an administrative agency subpoenas or orders

8  production of any material designated as Protected Material that a party has

9  obtained under the terms of this Protective Order, such party shall include in its

10 response the existence of this Protective Order, and notify the Producing Party of

11 the pendency of such subpoena or Order within no more than five (5) days of

12 receiving said subpoena or Order.  Nothing in this Order restricts or limits a party's

13 ability to comply with such a subpoena or order of a court or administrative agency,

14 nor does this Order relieve a party of its obligation to comply.

15     32.    Until such time as this Protective Order has been entered by the Court,

16 the parties agree that upon execution by all of the parties, it will be treated as

17 though it has been "So Ordered."

18     33.    The Court retains jurisdiction subsequent to settlement or entry of

19 judgment to enforce the terms of this Protective Order.  In the event anyone shall

20 violate, or threaten to violate, any term of this Order, the parties hereto agree that

21 the aggrieved party may immediately apply to obtain injunctive relief against any

22 such person, and in the event the aggrieved party shall do so, no party subject to the

23 provisions of this Order shall employ as a defense thereto or claim that the

24 aggrieved party possesses an adequate remedy at law.  Each person to whom

25 disclosure of any Protected Information is made agrees to subject himself to the

26 jurisdiction of the Court in which this action is pending for the purpose of

27 /

28 /

1    proceedings relating to the performance under, compliance with, or violation of this

2    Protective Order.

3

4    Dated:  January 9, 2009                    COOLEY GODWARD KRONISH LLP

5
                                                _____
6                                               Peter J. Willsey (*Pro Hac Vice*)
                                                Nishan Kottahachchi (CA Bar No. 221612)
7                                               Brendan J. Hughes (*Pro Hac Vice*)
                                                Benjamin Chapman (CA Bar No. 234436)
8
                                                Attorneys for Plaintiff,
9                                               ROSETTA STONE LTD.

10

11

12                                              CROWELL & MORING LLP

13                                              _____
                                                Dickerson M. Dowling (Of Counsel)
14                                              R. Scott Feldmann (CA Bar No. 169230)
                                                Thomas E. Dietrich (CA Bar No. 254282)
15
                                                Attorneys for Defendants,
16                                              ROCKET LANGUAGES LTD. and LIBROS
                                                MEDIA LTD.
17

18

19

20

21

22    IT IS SO ORDERED.

23

24    Dated: 1-14-09                            _____
                                                Honorable Jennifer T. Lum
25                                              U.S. Magistrate Judge

26

27

28